FILED
U.S. District Court
District of Kansas
11/18/2026
Clerk, U.S. District Court
By: KGS Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAILYLN FERNANDEZ DOMINGUEZ,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
CHRISTOPHER CHAMBERLAIN,
Assistant Field Office Director, ICE;
TODD BLANCHE, Attorney General; and
MARKWAYNE MULLIN, DHS Secretary,

Respondents.

Case No. 26-3427-JWL

## MEMORANDUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials without a bond hearing. For the reasons set forth below, the petition is **granted in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **December 2, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

Petitioner has alleged – and respondents have not disputed – that petitioner was paroled into the United States in 2023; that she was recently detained by immigration officials; and that petitioner remains in custody in this judicial district. On November 6,

2026, petitioner filed the instant habeas action; respondents have now filed an answer, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, she had been present in the United States for a period of years when he was detained. Petitioner argues that, for that reason, her detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond. Petitioner thus claims that her detention without any consideration of his release on bond violates these statutes.

In cases involving the same issue, this Court has rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under Section 1226(a). *See Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.); *Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.) (reasoning of *Galdamez Orellana* applies to an alien who was paroled into the United States). The Tenth Circuit has now rejected the

Government's interpretation as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in the cited cases, and they therefore acknowledge that the reasoning of those cases would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinions in *Galdamez Orellana* and *Khudyi*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief for this violation, the Court denies petitioner's request for release. For the same reasons stated in the cases cited above, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a).[1] Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing

---

[1] Petitioner argues that release is the appropriate remedy because the immigration court may rule that it does not have jurisdiction to consider a bond request on the merits in light of precedent from the Board of Immigration Appeals (BIA). The local immigration court located in Kansas City, Missouri, however, has consistently conducted merits-based bond hearings when such hearings have been ordered by this Court; moreover, the Court would not be precluded from reviewing a refusal by the immigration court. The Court also denies any claim by petitioner that due process requires more than a bond hearing under Section 1226(a). *See Colmenares Silva v. Blanche*, 2026 WL 3118281, at *2 (D. Kan. Oct. 19, 2026) (Lungstrum, J.) (procedures for an initial bond hearing under Section 1226(a) satisfy due process).

pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **December 2, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **December 2, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

IT IS SO ORDERED.

Dated this 18th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge